**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of Texas
_(State)_

Case number _(if known)_: _____ Chapter 11

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy 06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, _Instructions for Bankruptcy Forms for Non-Individuals,_ is available.

| | |
|---|---|
| 1. **Debtor's name** | HeartBrand Holdings, Inc. |
| 2. **All other names debtor used in the last 8 years**  Include any assumed names, trade names, and _doing business as_ names | HeartBrand Beef, Inc. |
| 3. **Debtor's federal Employer Identification Number (EIN)** | 2 0 - 4 8 1 2 5 7 5 |

4. **Debtor's address**

**Principal place of business**

_101 West Main_____
Number    Street

_____

Flatonia              TX      78941
City                  State    ZIP Code

Fayette_____
County

**Mailing address, if different from principal place of business**

_____
Number       Street

PO Box 309_____
P.O. Box

_Flatonia_____ TX__ 78941
City                  State   ZIP Code

**Location of principal assets, if different from principal place of business**

_____
Number       Street

_____

_____
City                  State   ZIP Code

5. **Debtor's website** (URL)    www.heartbrandbeef.com

Debtor      HeartBrand Holdings, Inc._____      Case number (if known)_____
            Name

---

**6.  Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

---

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

    _1_   _1_   _2_   _1_

---

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check **all** that apply:*

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

Debtor    HeartBrand Holdings, Inc.
_____    Case number (if known)_____
          Name

---

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes.   District _____   When _____   Case number _____
                                          MM / DD / YYYY

         District _____   When _____   Case number _____
                                          MM / DD / YYYY

---

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☑ Yes.   Debtor   American Akaushi Association, Inc.   Relationship   Affiliate
         District   Southern District of Texas          When   _____
                                                                MM  /  DD  / YYYY
         Case number, if known   _____

---

**11.  Why is the case filed in *this district*?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12.  Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                           Number          Street

                           _____

                           _____    _____
                           City                             State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency   _____

       Contact name   _____

       Phone   _____

---

■ **Statistical and administrative information**

---

| Debtor | HeartBrand Holdings, Inc. | Case number (if known) |
|---|---|---|
| | Name | |

| | | Check one: |
|---|---|---|
| **13.** | **Debtor's estimation of available funds** | ☑ Funds will be available for distribution to unsecured creditors. |
| | | ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |

| **14.** | **Estimated number of creditors** | ☑ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
|---|---|---|---|---|
| | | ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| | | ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| | | ☐ 200-999 | | |

| **15.** | **Estimated assets\*** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|---|
| | *The estimated fair market value of HeartBrand Holdings, Inc. and all of its wholly-owned subsidiaries exceeds $50 million. | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | | ☐ $100,001-$500,000 | ☑ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| **16.** | **Estimated liabilities** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|---|
| | | ☐ $50,001-$100,000 | ☑ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| **17.** | **Declaration and signature of authorized representative of debtor** | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |
|---|---|---|
| | | I have been authorized to file this petition on behalf of the debtor. |
| | | I have examined the information in this petition and have a reasonable belief that the information is true and correct. |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    08/01/2022
                MM  / DD /YYYY

✗ _Ronald Beeman_                                  Ronald Beeman
Signature of authorized representative of debtor        Printed name

Title  Chairman of the Board of Directors

Debtor   HeartBrand Holdings, Inc.
_____        Case number (if known) _____
Name

**18. Signature of attorney**   ✗ _____   Date   08/01/2022
Signature of attorney for debtor                      MM  / DD / YYYY

Harry A. Perrin
_____
Printed name

Vinson & Elkins LLP
_____
Firm name

845        Texas Avenue  Suite 4700
_____
Number        Street

Houston _____       Texas       77002
City                                        State       ZIP Code

713-758-2548                               hperrin@velaw.com
_____       _____
Contact phone                              Email address

15796800                                   Texas
_____       _____
Bar number                                 State

RESET FORM

**Fill in this information to identify the case:**

Debtor name ___ HeartBrand Holdings,Inc., et al. _____

United States Bankruptcy Court for the: ___ Southern ___ District of ___ Texas ___
(State)

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Twinwood Cattle Company 10514 FM 1489 PO Box 649 Simonton, Texas 77476 | Twinwood Cattle Company 10514 FM 1489 PO Box 649 Simonton, Texas 77476 281-346-1940 | Disputed judgment | Disputed | N/A | N/A | $28,923,582 |
| 2 | | | | | | | |
| 3 | | | | | | | |
| 4 | | | | | | | |
| 5 | | | | | | | |
| 6 | | | | | | | |
| 7 | | | | | | | |
| 8 | | | | | | | |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Case No. 22-[_____] (___) |
| | § | |
| **HEARTBRAND HOLDINGS, INC,** *et al.*, | § | (Chapter 11) |
| | § | |
| | § | **(Joint Administration Requested)** |
| Debtor. | § | |

## LIST OF EQUITY SECURITY HOLDERS

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following identifies all known holders having a direct or indirect ownership interest of the above captioned debtor in possession:

| Name and Last Known Address or Place of Business of Holder | Kind/Class of Ownership Interest | Percentage of Ownership Interest Held |
|---|---|---|
| Alexander, James D. and Marla J. ▮▮▮▮▮ | Common Stock | 0.07% |
| B4 Brand, Ltd., a Texas limited partnership ▮▮▮▮▮ | Common Stock | 1.89% |
| Barker, Kirby G., Jr. ▮▮▮▮▮ | Common Stock | 0.30% |
| Beeman, Bailey Ann 2019 Trust ▮▮▮▮▮ | Common Stock | 5.13% |
| Beeman, Brooklyn 2019 Trust ▮▮▮▮▮ | Common Stock | 5.13% |
| Beeman, Colter ▮▮▮▮▮ | Common Stock | 2.14% |
| Beeman, Donald and Debbie ▮▮▮▮▮ | Common Stock | 2.14% |
| Beeman, Jordan ▮▮▮▮▮ | Common Stock | 52.78% |

| Name and Last Known Address or Place of Business of Holder | Kind/Class of Ownership Interest | Percentage of Ownership Interest Held |
|---|---|---|
| Beeman, Kieley<br>██████████ | Common Stock | 2.14% |
| Beeman, Parker 2019 Trust<br>██████████ | Common Stock | 5.13% |
| Broussard, Johnie<br>██████████ | Common Stock | 0.09% |
| Broussard, Peter<br>██████████ | Common Stock | 0.09% |
| Broussard, Timothy<br>██████████ | Common Stock | 0.18% |
| Calles, Antonio Elias<br>██████████ | Common Stock | 4.46% |
| Champine, Michael J.<br>██████████ | Common Stock | 0.06% |
| Cheshier, Dan and Karen<br>██████████ | Common Stock | 0.03% |
| Davidson, James A. and Carolyn R.<br>██████████ | Common Stock | 0.07% |
| Double Five Meadows, L.L.C., a Louisiana limited liability company<br>██████████ | Common Stock | 0.27% |
| Ellenbogen, Paul and Macki<br>██████████ | Common Stock | 0.04% |
| Fielding, Bill<br>██████████ | Common Stock | 4.46% |

| Name and Last Known Address or Place of Business of Holder | Kind/Class of Ownership Interest | Percentage of Ownership Interest Held |
|---|---|---|
| Fosdick, David and Deborah | Common Stock | 0.07% |
| Graham, Gene | Common Stock | 0.04% |
| Grigsby, Louis and Teri | Common Stock | 0.04% |
| Hall, Katherine S. | Common Stock | 0.04% |
| Ingraham, Richard | Common Stock | 0.06% |
| Jenkins, Brad | Common Stock | 0.26% |
| Jenkins, Glen | Common Stock | 0.26% |
| Jerry R. and Grace M. McIntyre Loving Trust | Common Stock | 0.28% |
| Kuendig, Daniel | Common Stock | 0.05% |
| Kurata, Tom and Cathy | Common Stock | 0.04% |
| Light, David and Kelsey | Common Stock | 2.14% |
| Nash, Brannon | Common Stock | 0.02% |
| Nash, Brett | Common Stock | 0.02% |

| Name and Last Known Address or Place of Business of Holder | Kind/Class of Ownership Interest | Percentage of Ownership Interest Held |
|---|---|---|
| Nash, Michael E. | Common Stock | 0.27% |
| O'Gorman, Keith and Eleanor | Common Stock | 9.06% |
| Patterson, John C., Jr. and Pamela | Common Stock | 0.04% |
| Pruitt, Bryan and Amy | Common Stock | 0.15% |
| Reeves, Katharine Lee Roddy | Common Stock | 0.06% |
| Reeves, Mary Lee | Common Stock | 0.01% |
| Reid, Robert and Olena | Common Stock | 0.08% |
| Robert K., Sr. and Willora A. Oglesby Revocable Living Trust | Common Stock | 0.08% |
| Schacherer, Timothy G. | Common Stock | 0.15% |
| Scheinberg, Robert | Common Stock | 0.05% |
| Shivers, David and Cathy | Common Stock | 0.04% |
| Vilrey Investments, Ltd., a Texas limited partnership | Common Stock | 0.09% |
| Zibilich, Avery | Common Stock | 0.02% |

| Name and Last Known Address or Place of Business of Holder | Kind/Class of Ownership Interest | Percentage of Ownership Interest Held |
|---|---|---|
| Zibilich, Brett | Common Stock | 0.02% |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Case No. 22-[_____] (___)** |
| | § | |
| **HEARTBRAND HOLDINGS, INC.,** *et al.*, | § | **(Chapter 11)** |
| | § | |
| | § | **(Joint Administration Requested)** |
| **Debtor.** | § | |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, as of the Petition Date, no corporate entities have direct or indirect ownership interests of 10% or more in HeartBrand Holdings, Inc.

---

**Fill in this information to identify the case and this filing:**

Debtor Name _HeartBrand Holdings, Inc._

United States Bankruptcy Court for the: _Southern_ District of _Texas_
(State)

Case number (If known): _____

---

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

---

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ Other document that requires a declaration List of Equity Holders and Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _08/01/2022_       ✗ _[signature]_
    MM / DD / YYYY                    Signature of individual signing on behalf of debtor

_Ronald Beeman_____
Printed name

Chairman of the Board of Directors _____
Position or relationship to debtor

**WRITTEN CONSENT OF
THE BOARD OF DIRECTORS
OF HEARTBRAND HOLDINGS, INC.**

**August 1, 2022**

The undersigned, being all members of the Board of Directors (the "***Board***") of HeartBrand Holdings, Inc., a Texas corporation (the "***Company***"), in lieu of holding a meeting of the Board and for the purpose of taking action pursuant to Article IV of the Amended By-Laws of the Company (as amended, restated, supplemented or otherwise modified from time to time, the "***Bylaws***") and Section 6.201 of the Texas Business Organizations Code, and as of the date first written above, hereby consent to, ratify, approve, authorize, and adopt the following recitals and resolutions and each and every action effected thereby.

***Chapter 11 Filing***

**WHEREAS**, the Board has studied and considered the financial condition, liabilities and liquidities of the Company, reviewed the strategic alternatives available to the Company and the related circumstances;

**WHEREAS**, the Board has considered the situation of the Company regarding the ongoing litigation with Twinwood Cattle Company, Inc. ("***Twinwood***") currently pending before the Fourteenth Court of Appeals of the State of Texas, titled *American Akaushi Association Inc., HeartBrand Holdings, Inc., and Ronald Beeman v. Twinwood Cattle Company, Inc.*, No. 14-21-00701-CV, including the amount of money required as security to supersede the money judgment associated therewith, and weighing the probability of the Company's success on appeal, as well as the Company's and Twinwood's inability to reach mutually acceptable settlement terms;

**WHEREAS**, the Board has consulted with the Company's legal advisors and considered a variety of strategic alternatives available to the Company;

**WHEREAS**, the Board has determined that it is advisable and in the best interests of the Company to file a voluntary petition for relief (the "***Chapter 11 Petition***") pursuant to Chapter 11 of Title 11 of the United States Code (the "***Bankruptcy Code***") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "***U.S. Bankruptcy Court***"); and

**WHEREAS**, the board of directors of the Company's subsidiary American Akaushi Association Inc. (the "***Filing Subsidiary***") desires concurrently with the Company to file or cause to be filed with the U.S. Bankruptcy Court voluntary petitions for relief pursuant to Chapter 11 of the Bankruptcy Code.

**NOW, THEREFORE, BE IT RESOLVED**, that the Board hereby determines that it is advisable and in the best interests of the Company and the Filing Subsidiary to file the Chapter 11 Petition pursuant to the Bankruptcy Code with the U.S. Bankruptcy Court;

**FURTHER RESOLVED**, that the Company is hereby authorized to file or cause to be filed the Chapter 11 Petition pursuant to the Bankruptcy Code with the U.S. Bankruptcy Court;

**FURTHER RESOLVED,** that the officers of the Company (collectively, the "***Authorized Officers***") acting alone or with one or more other Authorized Officers, are hereby authorized and empowered to execute, deliver, and file or cause to be filed with the U.S. Bankruptcy Court on behalf of the Company, the Chapter 11 Petition, in such form as prescribed by the Official Forms promulgated pursuant to the Bankruptcy Code;

**FURTHER RESOLVED**, that, upon the filing of the Chapter 11 Petition as authorized by the preceding paragraphs, each Authorized Officer, acting alone or with one or more other Authorized Officers is hereby authorized and empowered to execute, deliver, and file or cause to be filed with the U.S. Bankruptcy Court, on behalf of the Company, all papers, motions, applications, schedules, and pleadings necessary, appropriate, or convenient to facilitate the Chapter 11 cases of the Company and the Filing Subsidiary pursuant to the Bankruptcy Code (the "***Chapter 11 Cases***") and all of its matters and proceedings, and any and all other documents necessary, appropriate, or convenient in connection with the commencement or prosecution of the Chapter 11 Cases, each in such form or forms as the Authorized Officer may approve;

**FURTHER RESOLVED**, that the Authorized Officers are authorized and empowered to execute, deliver and file or cause to be filed with the U.S. Bankruptcy Court, on behalf of the Company, all papers and pleadings that such Authorized Officers believe to be necessary or desirable to effect, cause or further the reorganization of the Company under the Bankruptcy Code, if applicable, and any and all other documents, including a plan of reorganization providing for the restructuring, reorganization, or liquidation of the Company, and a disclosure statement related thereto, together with any amendments or modifications thereto, or any restatements thereof;

**FURTHER RESOLVED**, that the board of directors of the Filing Subsidiary is empowered to take such actions as are necessary to file or cause to be filed with the U.S. Bankruptcy Court, a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code, consistent with these resolutions;

## *Retention of Professionals*

**FURTHER RESOLVED**, that the engagement of Vinson & Elkins LLP ("***V&E***") as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code in Bankruptcy Court, and to take any and all actions to advance the Company's rights and obligations, including filings and pleadings, is hereby ratified and approved, and each of the Authorized Officers is hereby authorized and directed to take such actions as may be required to so engage such firm for such purposes; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of V&E;

**FURTHER RESOLVED**, that the engagement of Omni Agent Solutions ("***Omni***") as noticing and claims agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code in the U.S. Bankruptcy Court, and to take any and all actions to advance the Company's rights and obligations is hereby approved, and each of the Authorized Officers is hereby authorized and empowered to take such actions as may be required to so engage Omni for such purposes; and in connection therewith, each of the Authorized Officers, with power of

delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of Omni;

**FURTHER RESOLVED**, that each of the Authorized Officers is hereby authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary;

### *General*

**FURTHER RESOLVED**, that each of the Authorized Officers is hereby authorized, empowered and directed, for and on behalf of the Company, to execute and deliver the agreements approved by these resolutions and all such modifications, amendments, supplements, extensions and other documents, instruments or certificates thereto or required in connection therewith in the name and on behalf of the Company, as the Authorized Officer may deem necessary, advisable or appropriate to effectuate the agreement, the Company's authorization and approval thereof evidenced by the Authorized Officer's execution and delivery thereof, and to do and perform all such acts and things and enter into, execute, acknowledge, deliver and file all such certificates, agreements, acknowledgments, instruments, contracts, statements and other documents and to take such further actions as they may deem necessary or appropriate to effect the intent and accomplish the purposes of the foregoing resolutions, with the taking of any such action by the Authorized Officer being conclusive evidence that the same did meet such standards as set forth above;

**FURTHER RESOLVED**, that each of the Authorized Officers is hereby authorized and empowered, on behalf of the Company, to certify and attest to any documents that he or she may deem necessary, appropriate, or convenient to consummate any transactions necessary to effectuate the foregoing resolutions; provided, such attestation shall not be required for the validity of any such documents; and

**FURTHER RESOLVED**, that all actions heretofore taken by any officer, employee or representative of the Company in its name or for its account in connection with any of the above matters are hereby in all respects ratified, confirmed and approved.

*[The remainder of this page is intentionally blank.]*

**IN WITNESS WHEREOF**, the undersigned have executed these Resolutions as of the date first written above.

By: _____

Name: Ronald Beeman

Title:   Chairman of the Board of Directors

By: _____

Name:  Joan Beeman

Title:   Director

By: _____

Name:  Jordan Beeman

Title:   Director

By: _____

Name: Bill Fielding

Title:   Director

By: _____

Name: Carol Brown

Title:   Director and Corporate Secretary

*Signature Page to Written Consent of*
*The Board of Directors of HeartBrand Holdings, Inc.*